# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

ERIC BIRON,

      Plaintiff,

    v.                                 Case No.:  8:26-cv-01067-CEH-CPT

TERESA QUINLAN, HOME DEPOT
U.S.A., INC.,

      Defendants,

                                      /

## ORDER

This cause comes before the Court on Plaintiff Eric Biron's Motion to Remand (Doc. 10[1]) and Defendant Home Depot U.S.A. Inc.'s ("Home Depot") response in opposition (Doc. 13). In this premises liability action, Plaintiff Eric Biron sues Defendants Home Depot U.S.A. Inc. ("Home Depot") and Terry Quinlan, Store Manager ("Quinlan") for an accident that allegedly occurred on April 23, 2025. Doc. 1-1. Home Depot removed the action to this Court on April 13, 2026, asserting that subject matter jurisdiction exists based on diversity of citizenship. Doc. 1.  Home Depot contends Plaintiff fraudulently joined Quinlan to the action to defeat diversity jurisdiction. Docs. 1, 13.

---

[1] Plaintiff filed duplicate motions to remand (Docs. 9 and 10). The motions are identical, except that the motion at Doc. 10 includes an affidavit. Therefore, the Court will use Doc. 10 as the operative motion to remand.

1

Upon review and consideration, and being fully advised in the premises, the Court will grant the motion to remand because it finds that Quinlan was not fraudulently joined.

## I.    BACKGROUND

On March 2, 2026, Plaintiff filed an Amended Complaint in the Sixth Judicial Circuit in and for Pinellas County, Florida against Defendants Home Depot and Quinlan. Doc. 1-1. In the Amended Complaint, Plaintiff alleges that a stack of lumber fell on Plaintiff while he was shopping at a Home Depot located in Pinellas County, Florida. *Id.* The two-count Amended Complaint alleges one negligence count against Home Depot and one negligence count against Store Manager Quinlan. *Id.*

On April 13, 2026, Home Depot removed this action. Doc. 1. In its Notice of Removal, Home Depot argues there is complete diversity jurisdiction. *Id.* Specifically, Home Depot submits it is a Delaware corporation with its principal place of business in Georgia. *Id.* Home Depot also concludes that—despite the allegation in the Amended Complaint that Plaintiff is a Florida citizen—Plaintiff is a citizen of Indiana because an incident report and medical records related to the subject accident indicate Plaintiff is domiciled in New Castle, Indiana. *Id.* ¶¶ 9, 11. The Amended Complaint indicates Quinlan is a Florida citizen. Doc. 1-1 ¶ 5. Based on the foregoing, Home Depot concludes diversity jurisdiction exists because Home Depot is not a citizen of Indiana or Florida. Doc. 1 ¶¶ 13, 14.

Home Depot also avers that, assuming arguendo, Plaintiff is a citizen of Florida, diversity jurisdiction still prevails because Home Depot is not a Florida citizen, and

the Court should disregard Quinlan's Florida citizenship because she was fraudulently joined to destroy federal diversity jurisdiction. *Id.* ¶¶ 14, 25.

Plaintiff moved to remand, arguing that complete diversity is not present because Plaintiff is domiciled in Florida and Quinlan is a properly-joined Florida citizen. Doc. 10 at 1. Home Depot's response in opposition to Plaintiff's motion to remand reiterates its position that complete diversity exists because Plaintiff is a Florida citizen, Home Depot is not a Florida citizen, and Quinlan's Florida citizenship should be ignored because she was fraudulently joined. Doc. 13. In its response in opposition to Plaintiff's motion to remand, Home Depot does not mention its initial allegation that Plaintiff is an Indiana citizen. *See id.*; Doc. 1 at 9, 11.

## II.    LEGAL STANDARD

"The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seabord Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982).   The bases for federal courts' subject matter jurisdiction are limited, as federal courts are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution or otherwise authorized by Congress." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

Congress granted district courts original subject matter jurisdiction over civil actions sitting in diversity. 28 U.S.C. § 1332.  Diversity jurisdiction exists where a lawsuit is between citizens of different states and the amount in controversy exceeds

3

$75,000, exclusive of interests and costs. *Id.* § 1332(a)(1). District courts also have original jurisdiction over all cases arising under federal law. 28 U.S.C. § 1331. It is the burden of the party seeking federal jurisdiction to establish that it exists by a preponderance of the evidence. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

A defendant may remove a civil action from state court to the district court of the United States for the district and division within which the action pends, as long as the district court has subject matter jurisdiction. 28 U.S.C. § 1441(a). However, since removal "raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). "Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *Id.*

## III.   DISCUSSION

### *Plaintiff's Domiciliary*

In the Notice of Removal, Home Depot submits that Plaintiff is a citizen of Indiana because he is domiciled there, as evidenced by the address on the Home Depot Customer Incident Statement and the address in Plaintiff's medical and billing records. Doc. 1 ¶¶ 9,11. In the Motion to Remand, Plaintiff maintains he is domiciled in Florida. Doc. 10 at 3-5.

Citizenship is equivalent to "domicile" for purposes of diversity jurisdiction. *McCormick v. Aderholt,* 293 F.3d 1254, 1257–58 (11th Cir. 2002). A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and

to which he has the intention of returning. *Id.* at 1258. Residence alone is not enough. *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013). Domicile requires both residence in a state and the intent to remain there indefinitely. *Id.*

Here, Home Depot submits an incident report and medical billing records to support its claim that Plaintiff's true domiciliary is Indiana. However, the Court is not convinced that Plaintiff resides in and intends to remain indefinitely in Indiana, merely because paperwork related to the accident indicates an Indiana address. *See McCormick*, 293 F.3d at 1258 (finding that indicia such as possessing a state driver's license, registering to vote, and paying state income taxes are sufficient to establish domiciliary). Because Home Depot has failed to offer evidence that Plaintiff's fixed, permanent home is Indiana and he intends to return there, Home Depot has not established that Plaintiff is an Indiana resident.

On the contrary, Plaintiff's affidavit establishes that Florida is his true, fixed, and permanent home, and that he intends to return there whenever he is absent. *See* Doc. 10-1. Therefore, the Court finds that for the purposes of determining federal diversity jurisdiction, Plaintiff is a Florida citizen.

### *Fraudulent Joinder*

In its Notice of Removal and opposition to the motion to remand, Home Depot argues complete diversity exists because Quinlan was fraudulently joined to the action to defeat diversity jurisdiction. Doc. 1. ¶¶ 14, 25. According to Home Depot, the only basis for liability against Quinlan is her general administrative responsibility, and

Plaintiff has not alleged facts to show that Quinlan has any real connection with the subject accident. Doc. 13.

The doctrine of "fraudulent joinder" provides that diversity jurisdiction may be found to exist despite the presence of one or more non-diverse parties if the defendant establishes that the plaintiff has added the non-diverse party solely to defeat federal diversity jurisdiction. *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).  The Eleventh Circuit recognizes three types of fraudulent joinder: (1) if there is no possibility the plaintiff can prove a cause of action against the resident defendant; (2) if there has been outright fraud by the plaintiff in pleading jurisdictional facts; or (3) "fraudulent misjoinder," in which an improper joinder is "so egregious" as to be fraudulent. *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), abrogated on other grounds by *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).  A defendant seeking to prove fraudulent joinder bears a "heavy" burden: he must prove one of these circumstances by clear and convincing evidence. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997); *Henderson*, 454 F.3d at 1281. "[I]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Crowe*, 113 F.3d at 1538 (citation modified).  In determining whether such a possibility exists, "the district court must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Id.*

6

In Florida, to properly allege that a store manager is personally liable in a premises liability action, the plaintiff must allege that the store manager owed a duty to the plaintiff and that the store manager personally breached that duty. *See White v. Wal-Mart Stores, Inc.,* 918 So.2d 357, 358 (1st DCA). Here, the Amended Complaint alleges Quinlan owed a duty to Plaintiff "to provide a reasonably safe environment, to inspect and maintain this environment, and to request and authorize changes to this environment." Doc. 1-1 ¶ 15. Moreover, Plaintiff alleges that Quinlan breached her duties and was "actively and directly negligent." *Id.* ¶ 16.  Plaintiff then specifies seven ways that Quinlan breached her duties. *Id.* Therefore, it is possible that Plaintiff can establish a cause of action against Quinlan for the subject accident.

In conclusion, Home Depot has not shown by clear and convincing evidence that there is no possibility that Plaintiff can state a claim against Quinlan.

Accordingly, Quinlan was not fraudulently joined and this action must be remanded for lack of complete diversity.

Accordingly, it is **ORDERED**:

1. Plaintiff Eric Biron's Motion to Remand (Doc. 10) is **GRANTED**.

2. This action is **REMANDED** to the Sixth Judicial Circuit, in and for Pinellas County, Florida.

3. The Clerk is directed to send a certified copy of this order to the Clerk of Court for the Sixth Judicial Circuit, in and for Pinellas County, Florida.

4.  The Clerk is further directed to terminate all pending motions and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on July 10, 2026.

Copies furnished to:
Counsel of Record
Unrepresented Parties

Charlene Edwards Honeywell
United States District Judge

8